UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD STEIN,

                Plaintiff,

<u>DECISION AND ORDER</u>

09-CV-6061L

              v.

CHURCHVILLE-CHILI CENTRAL
SCHOOL DISTRICT,

                Defendant.
_____

      Plaintiff, Ronald Stein ("Stein"), was employed as a school bus driver for the Churchville-Chili Central School District ("School District") from June 2003 until December 4, 2007, when his employment was terminated following an investigation by the School District of several complaints concerning Stein's performance of his job duties. Thereafter, Stein filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated on account of his age. The EEOC found no probable cause to support that claim, dismissed the charge and issued a Right-To-Sue Letter in November 2008. A few months later, Stein filed this federal action claiming that his termination as a bus driver was unlawfully motivated by age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §621 et seq., and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law §290 et seq.

      The School District now moves for summary judgment on a variety of grounds (Dkt. #10). Principally, the School District asserts that Stein has failed to make out a *prima facie* case of age discrimination and that the School District has advanced a legitimate non-discriminatory reason for its employment action, and plaintiff has, therefore, failed to establish that Stein's age was a motivating factor in the decision to terminate him.

After reviewing all the papers submitted on the motion, I conclude that summary judgment in favor of the School District is appropriate and warranted, and that the complaint should be dismissed. In my view, Stein has failed to establish that his termination was motivated by his age.

The parties recognize that claims under the ADEA must be analyzed under the traditional analytical framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under this well-established framework, a plaintiff alleging discrimination must present sufficient evidence to support a *prima facie* case by showing that the plaintiff belonged to a protected class, was qualified for the position, was subjected to an adverse employment action and that the action took place under circumstances which give rise to an inference of discrimination. The School District contends that Stein has failed to make a *prima facie* case because he was not qualified for the position and the action terminating him did not take place under circumstances that give rise to an inference of discrimination.

The School District contends that even if this Court were to find that plaintiff has established a *prima facie* case, the School District has articulated a legitimate non-discriminatory reason for the employment action – specifically, the results of the School District's investigation of complaints made by parents concerning Stein's performance, which indicated that Stein had engaged in inappropriate and/or unsafe conduct in his employment as a school bus driver.

The investigation of Stein's performance arose after a parent complained that Stein was taking pictures of one of the children assigned to his bus. Upon further investigation, a second parent also complained about Stein's picture-taking and that the parents' concern was sufficiently strong to have notified the Monroe County Sheriff's Department about the matter. The School District questioned Stein about his photographing of students, and I believe the proof demonstrates that Stein admitted a lack of judgment on the matter, but otherwise equivocated and was less than candid about the issue.

The investigation of Stein identified numerous performance issues and instances of misconduct. Students and parents complained that Stein used profanity, drove at excessive speeds

(as confirmed by job-related road tests), misused the bus's microphone by deliberately creating loud, squealing "feedback" noises to get students' attention, purposefully engaged in sudden stops for the purpose of causing students to be thrown against neighboring seats, and mocked and mimicked some of the students. In fact, complaints about Stein's inability to get along with and control students on his bus in and around the 2006-2007 school year caused Director of Transportation Jeff Thrall ("Thrall") to recommend that Stein select a different route. These facts and statements, combined with Stein's lack of candor in the School District's investigation, comprise the School District's alleged basis for its decision to terminate Stein's employment.

Stein disputes or seeks to explain away some of the allegations against him, but it is undisputed that the School District investigated, and found credible, a number of allegations of varying severity relating to Stein's failure to perform appropriately as a school bus driver. Indeed, the picture-taking which initiated the investigation was, in itself, a serious performance issue. It is reasonably foreseeable that parents would be concerned where an adult male bus driver has inexplicably felt the need to photograph young children who were assigned to his bus route, and Stein provided no compelling explanation for doing so. Nonetheless, as the School District has emphasized in this proceeding, it was not Stein's picture-taking alone, but the combination of that incident with all of the other complaints and performance issues revealed by the ensuing investigation, that precipitated the School District's decision to terminate Stein's employment. In other words, although Stein may well possess the technical skills to drive a school bus, his attitude, inappropriate language and/or student interactions, and other issues relating to speeding and reckless driving, that caused the School District to act.

I find that the School District has conclusively demonstrated that it had a legitimate, non-discriminatory reason for taking the action that it did. The question before this Court is not whether the School District could have made a different decision or imposed a lesser penalty. It is not for this Court to oversee or second guess the School District concerning the personnel decisions that it makes. *See e.g.*, *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997) (courts and juries do not operate

as "super-personnel department[s]" to question a company's hiring and termination decisions). Federal anti-discrimination statutes seek to protect employees from adverse actions occasioned, not by insufficient, vague or even foolish reasons, but by discrimination. Thus, an employer may undertake an adverse employment action "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason". *See generally DeLuca v. Allied Domecq Quick Service Restaurants*, 2006 U.S. Dist. LEXIS 39261 at *27 (E.D.N.Y. 2006).

Stein's unsubstantiated conjecture or surmise that, "after thinking about it," he believes his termination was motivated by age discrimination is not sufficient to withstand the School District's motion for judgment as a matter of law. *See Tutko v. James River Paper Co., Inc.*, 1999 U.S. App. LEXIS 28455 at *5 (2d Cir. 1999) (a plaintiff cannot defeat summary judgment by relying upon "unsupported assertions," but must produce "sufficient evidence to support a rational finding" in his favor). Stein has presented no reliable, admissible evidence that his age played any role in the School District's decision to terminate his employment.[1] There was a lengthy list of complaints and misfeasance brought to the School District's attention, many of them serious, that compelled the School District to take the action it did. Much of Stein's memorandum in opposition to the present motion seeks to deny or minimize some of those complaints and charges. The question is not, however, whether the complaints were 100% factually correct in hindsight, but whether the School District's conclusion that Stein was not performing adequately or appropriately as a bus driver was so unsubstantiated by its investigation as to suggest that Stein's performance could not have been the true reason for his termination. The District's conclusions were based upon interviews with parents, students and Stein himself, which called into question pivotal aspects of Stein's performance (e.g., speed, safety, appropriate interactions with students) in the important position of school bus driver, charged with the care and custody of young children. Again, this Court's job is not to second-

---

[1] It is also worth noting that Stein was sixty (60) years old when hired by the School District. His age certainly had nothing to do with the hiring decision.

guess the wisdom of the School District's personnel decisions. Furthermore, Stein does not allege, nor does the record reveal, any other evidence of discriminatory animus, such as age-related comments or adverse actions relating to Stein or any "older" employee. In my view, Stein has failed to demonstrate that the School District's reasons for his termination were pretextual, and that the actual motive for the termination of his employment was age discrimination.

Stein further argues that granting summary judgment to the School District on his age discrimination claims would be inappropriate, for the sole reason that he was in the age category protected by the ADEA, suffered a termination, and was later replaced by a younger female employee. That is not the appropriate standard. Rather, in order to defeat a properly-supported motion for summary judgment at the final stage of the burden-shifting analysis, Stein must come forward with evidence in admissible form, demonstrating that the School District's stated reason for terminating his employment was pretextual, and that the true reason for his termination was discrimination. As discussed above, Stein has failed to meet that burden.

Stein also contends that certain other drivers in the employ of the School District took pictures of students, or engaged in other improper activity, which did not result in dismissal. Stein has, however, failed to produce evidence in admissible form to support these contentions. In many cases, Stein's "evidence" is hearsay or double hearsay, which would not be appropriate for presentation to a jury. In any event, it is undisputed that Stein's picture-taking activity was the not sole basis for his termination, and Stein has failed to establish that he is similarly situated to any of the other individuals that he mentions.

For these reasons, the School District's motion for summary judgment dismissing Stein's ADEA and NYHRL claims of age-based discrimination (Dkt. #10) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 19, 2011.